**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

B. Eugene Guthery, M.D., an individual,

Plaintiff,

v.

Ecolab Inc., a Delaware corporation,

Defendant.

Court File No. 00–1324 (MJD/JGL)

**Stipulation and Protective Order**

**Recitals**

1. The plaintiff, B. Eugene Guthery ("Guthery"), and the defendant, Ecolab Inc. ("Ecolab"), both recognize that they might each possess confidential or proprietary information that might be necessary or desirable to reveal to other parties during discovery in this action.

2. Both Guthery and Ecolab, therefore, have agreed that a protective order designed to protect the integrity of their respective confidential or proprietary information is appropriate in this action.

3. Accordingly, both Guthery and Ecolab agree that the following provisions shall govern the handling of confidential documents and information in these proceedings.

**Agreement**

1. **Confidential Information, Attorneys'-Eyes-Only Information, and Unprotected Information.** Any party to this litigation, or any non-party who elects to be covered by this Order, who produces or discloses any information or item of discovery can designate that information or item as "Confidential" or "Attorneys'-Eyes-Only."

a. **Confidential Information.** "Confidential" information means all information and material that (1) is produced or disclosed to a party that the producing party considers in

FILED SEP 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

good faith to constitute or to contain proprietary or confidential material or information, (2) that the producing party does not want made public, and (3) that the producing party has designated (in the matter described below) as "Confidential." This definition applies regardless of the form that the information or material takes—that is, regardless of whether it is embodied, for example, in physical objects or documents or whether it is simply part of a person's knowledge. The party who produces his or its own confidential information is not precluded by this Order from using or disclosing that confidential information in any manner as it deems fit.

**b. Attorneys-Eyes-Only Information.** "Attorneys'-eyes-only" information means all information and material that (1) is produced or disclosed to a party that the producing party considers in good faith to constitute or to contain especially sensitive and confidential material or information (e.g., trade secrets and research and development, marketing information, financial data, and business plans), (2) that the producing party does not want made public, (3) that could cause commercial harm if disclosed to a receiving party, and (4) that the producing party has designated (in the matter described below) as "Attorneys' Eyes Only." This definition applies regardless of the form that the information or material takes—that is, regardless of whether it is embodied, for example, in physical objects or documents or whether it is simply part of a person's knowledge. The party who produces his or its own attorneys'-eyes-only information is not precluded by this Order from using or disclosing that information in any manner as it deems fit.

**c. Unprotected Information.** Testimony, documents, and other information cannot be confidential or attorneys'-eyes-only information to the extent that the information is in the public domain by publication or otherwise at the time it is produced or disclosed. If a document or other embodiment of confidential information also reflects information in the public domain, the information can still be deemed protected by this agreement and Order.

2. **Methods of Designating Information.**

a. **Confidential Information.** For the purpose of this Order, "confidential" information contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, responses to requests for admission, etc., or copies thereof, shall be designated by stamping or affixing thereto a legend substantially as follows "Confidential."

b. **Attorneys-Eyes-Only Information.** For the purpose of this Order, "attorneys'-eyes-only" information contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, responses to requests for admissions, etc., or copies thereof, shall be designated by stamping or affixing thereto the legend substantially as follows: "Attorneys Eyes Only."

c. **Designation of Oral Deposition Testimony.** Oral deposition testimony of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this action can be designated "Confidential" or "Attorneys Eyes Only" by requesting the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or by giving written notice to all other parties of the portions of the transcribed testimony designated confidential or attorneys'-eyes-only information within thirty days of the date that the deposition transcript is received by counsel. No part of a deposition transcript designated in this manner shall be disclosed to any person other than the persons permitted to see attorneys'-eyes-only information as described below and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during those thirty days, and no person attending such a deposition shall disclose the contents of the deposition of any person other than those qualified to receive attorneys eyes only information pursuant to this Order during the said thirty days.

d. **Designation of Information Produced for Inspection.** If a producing party elects to produce documents for inspection and the inspecting party desires to inspect the documents, no markings need be made by the producing party in advance of the initial inspection, although the producing party can do so at its discretion. For purpose of the initial inspection, all documents produced shall be deemed "Attorneys'-Eyes-Only," in accordance with this Order. Thereafter, the producing party shall mark any copies requested by the inspecting party with the proper protective designation, if any.

3. **Challenges to Designations.** A party is not obligated to challenge the propriety of a protective designation at the time the information is produced and any failure to challenge a designation at the time the information is produced does not preclude a later challenge. If a party challenges a protective designation in writing at any stage in this action, the designating party shall, within seven days of receiving the written challenge, substantiate the basis for the protective designation in writing. If no written substantiation is proffered, the information shall not thereafter be deemed designated under this Order. The parties shall try to resolve any disputes regarding protective designations in good faith and on an informal basis. If the dispute cannot be resolved, the party challenging the designation can seek appropriate relief from the Court.

4. **Inadvertent Disclosure.**

a. **Protected Documents.** If a party producing information inadvertently discloses any document or information that contains information that the producing party deems confidential but has not marked that information as confidential or attorneys' eyes only, the producing party should promptly inform the receiving party in writing, as soon as the inadvertence is discovered, and the receiving party shall thereafter treat the document or information as though it had been correctly designated.

**b. Privileged Documents.** If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

**5. Restrictions On Disclosure of Protected Information.**

Information produced in this litigation that is designated under this Order shall be held in confidence by each authorized person to whom it is disclosed, shall be carefully maintained so as to preclude access by persons who are not authorized under this Order to receive the information, and shall be used in accordance with the terms of this Order solely for the limited purposes of preparing for and conducting the proceedings in this action.

**a. Restrictions on Disclosure of Attorneys-Eyes-Only Information.** Attorneys-eyes-only information shall not be disclosed to any person other than:

i. outside counsel of record in this action and that counsel's paralegals, secretarial and clerical personnel;

ii. in-house counsel who have a need to know the information as part of his or her duties in connection with this litigation and that counsel's paralegal, secretarial and clerical personnel;

iii. court reporters and their stenographic and clerical personnel;

iv. photocopy services employed or retained by the receiving party's outside counsel;

v. data-entry or data-processing staff who are employed or retained by the receiving party's attorneys and who are assisting in the development or use of data-retrieval systems in connection with this action;

vi. personnel at any drafting or graphics firms employed or retained by the receiving party's attorneys;

vii. independent outside experts and consultants (an independent outside expert or consultant being neither a party nor a person employed by a party, except to serve as an expert or consultant in this litigation), together with secretarial, clerical, and support personnel normally employed by the expert or consultant in the course of his or her activities;

viii. this Court and the Court's personnel.

b. **Restrictions on Disclosure of Confidential Information.** Confidential information shall not be disclosed to any person other than those people described in the paragraph above and the parties and their employees who agreed on their own behalf to be bound by the provisions of the Acknowledgment set forth in the accompanying Exhibit A. If any employee of a party who completes Exhibit A is no longer employed by a party or undergoes a change so that he or she is no longer performing duties in connection with this litigation, that person shall continue to be bound by this Order.

c. **Disclosure Allowed.** Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as "Confidential" or "Attorneys'-Eyes-Only" consents in writing or expressly on the record to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of

record from utilizing "Confidential" or "Attorneys'-Eyes-Only" information in the examination or cross examination of any person who is expressly noted on the document or from another source as being an author, source, or recipient of the "Confidential" or "Attorneys-Eyes-Only" information, regardless of which party produced such information.

**d. Qualification for Access to Confidential or Attorneys-Eyes-Only Information.** All persons receiving documents or information designated under this Order (except those within Paragraph 5.a.i) shall be required, before receiving the documents or information, to sign an Acknowledgment in the form attached as Exhibit A Counsel will retain all signed Acknowledgments that he or she obtains in a separate file.

**6. Filing Designated Information with the Court.** Documents containing information designated for protection under this Order shall not be filed with the Clerk of the Court or included in whole or in part in pleadings, motions, or briefs, except under seal marked with the caption of this case and the following notation (or in another form designated by the Court):

**Contains Confidential Information**
**To Be Opened Only as Directed by the Court**

Information filed in this manner shall be maintained by the Clerk of the Court in sealed envelopes and opened only by personnel authorized by the Court. A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the judge's chambers, also under seal.

**7. Modifying or Supplementing this Order.** This Order shall not prevent either Guthery or Ecolab from (a) applying to the Court for relief from this Order or to permit access to additional persons or categories of persons; (b) applying to the Court for further or additional protective orders; or (c) agreeing to modification of this Order, subject to the approval of the Court.

8. **Returning Documents.** Within sixty days after final termination of this action, including completion of any appeal or passage of any appeals period, receiving counsel shall either (1) return to the producing counsel all documents in the receiving counsel's possession, custody, or control that contain information designated under this Order as confidential or attorneys-eyes-only together with all copies, summaries, abstracts, or indices of those documents (except to the extent that any of the foregoing includes or reflects receiving counsel's work product) or (2) certify that all such documents have been destroyed. This provision shall not apply to evidence admitted by the Court, whether through documents or testimony.

9. **Advising Clients.** This Order does not bar the attorneys for the parties from giving advice to their clients when that advice is based on information designated by the other side as "Attorneys'-Eyes-Only." In giving advice to a client, the attorney must be careful not to disclose to the client the specifics or essence of the information designated by the other side as "Attorneys'-Eyes-Only."

J. Michael Dady
Ronald K. Gardner
Dady & Garner, P.A.
4000 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 359-9000

Richard M. Butler
B. Mills Lathan
Soules & Wallace
100 W. Houston St., Suite 1500
San Antonio, TX 78205-1457
(210) 224-9144

By: ______________________
Attorneys for Plaintiff
B. Eugene Guthery, M.D.

Thomas L. Hamlin (40216)
Randall Tietjen (214474)
Stacie E. Oberts (278361)
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

By: ______________________
Attorneys for Defendant
Ecolab Inc.

**ORDER**

IT IS SO ORDERED,

Date: ___________________________

By: _______________________________________
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

B. Eugene Guthery, M.D., an individual,

Plaintiff,

v.

Ecolab Inc., a Delaware corporation,

Defendant.

---

Court File No. 00–1324 (MJD/JGL)

**Acknowledgment of Reading and Agreement to be Bound by Protective Order**

STATE OF ____________________ )
) ss.
COUNTY OF __________________ )

I, ________________________, being duly sworn, state that:

1. My present address and telephone number is ______________________________

______________________________________________________________________

2. My present employer and employer address is ______________________________

______________________________________________________________________

3. My present occupation or job description is ______________________________

______________________________________________________________________

4. I have received a copy of the Protective Order in this action. I have carefully read and understand the Protective Order and will comply with all of the provisions therein.

5. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any confidential information disclosed to me. I understand that unauthorized disclosure of confidential information constitutes contempt of Court.

6. I will return all confidential information that comes into my possession and documents or things that I have prepared relating the confidential information that comes into my possession to outside counsel for the party by whom I am employed or retained.

7. I hereby submit to the jurisdiction of this Court for purpose of enforcement of the Protective Order in this action.

Date: Sept 26, 2000

(Signature) JONATHAN LEBEDOFF

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.